PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SHEKINAH OILFIELD SERVICES, INC., | § § § | CASE NO. 21-10152 |
| DEBTOR. | § § | |

ORDER CONFIRMING FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION OF SHEKINAH OILFIELD SERVICES, INC. DATED MAY 10, 2022 (RE: DOCKET NO. 49)

On July 6, 2022, the Court conducted a hearing (the "*Confirmation Hearing*") and considered confirmation of the

*First Amended Subchapter V Plan of Reorganization of Shekinah Oilfield Services, Inc. Dated May 10, 2022,* (Docket No. 49) (the "*Plan*"), and as modified by the

filed herein by Shekinah Oilfield Services, Inc. ("*Shekinah*" or the "*Debtor*"), which final confirmed Plan is attached hereto and incorporated by reference herein as **Exhibit SHEK499**, and which Plan is and/or was supported by the:

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

*Notice (I) of Hearing to Consider Confirmation of First Amended Subchapter V Plan of Reorganization of Shekinah Oilfield Services, Inc. Dated May 10, 2022 and (II) Related Deadlines* (Docket No. 50) (the "**Solicitation Notice**"), and the

*First Supplement to Chapter 11 Plan* (Docket No. 56) (the "**Plan Supplement**"), and the

*Certificate of Service Regarding Plan Solicitation Package* (Docket No. ___), and the

*Ballot Summary* with copies of the ballots received attached thereto (Docket No. ___).

After reviewing the Plan, taking judicial notice of all appropriate papers and pleadings on file in this Chapter 11 case, considering the testimony, and other evidence presented, and hearing the arguments of counsel at the hearing to consider the adequacy of the disclosures in the Solicitation Plan and the confirmation of the Plan (together the "**Confirmation Hearing**"), the Court FINDS:

A. All capitalized terms not defined herein shall have the same meaning as ascribed to such terms in the Plan.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.

C. Venue in this District for this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

D. This matter involves, *inter alia*, the administration of the estate, the allowance and disposition of certain claims, the adjudication of the relative rights of parties, and the discharge of the Debtor, all as embodied in and implemented by virtue of the Plan and confirmation of the Plan. Accordingly, the matters determined herein constitute a core proceeding under 28 U.S.C. §§157(b)(2)(A), (B), (L), and (O), without limitation.

E. The Debtor commenced this case on November 2, 2021 under SubChapter V of Chapter 11 of the Code.

F. Since the entry of the Order of Relief, Debtor has continued its operations and managed its affairs as debtor in possession pursuant to §§1107 and 1108 of the United States Bankruptcy Code, Title 11 of the United States Code, 11 U.SC. §101 et seq. (the "**Code**").

G. On May 12. 2022, the Debtor served the Solicitation Notice and solicited acceptance of the Solicitation Plan.

H. The Plan, the Solicitation Notice, and the ballots for voting for or against confirmation of the Solicitation Plan (the "**Solicitation Package**") were duly and timely served upon the known members or potential members of all impaired Classes.

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

I. Service of the Solicitation Package constituted adequate and sufficient notice of the Plan, the voting deadline, the objection deadline, and the Confirmation Hearing, and no other or further notice is or shall be required.

J. The Court finds that the disclosures contained in Plan contain adequate information pursuant to 11 U.S.C. §1190.

K. One or more objections to the Plan were filed or otherwise received prior to the Confirmation Hearing. All such objections have been withdrawn prior to or at the Confirmation Hearing or are otherwise overruled by this Order.

L. Based upon the Ballots submitted to the Court, the announcements made into the record, and the contents of the Plan, all holders of all Claims and Interests addressed in the Plan are either unimpaired and thus are deemed to accept the Plan or have accepted the Plan.

M. The Plan complies with all applicable provisions of Code §§ 1122, 1123, 1124, and 1190.

N. Specifically, in addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates eight (8) classes of Claims and Interests, each as defined in the Plan. Classes are appropriately designated as impaired or unimpaired, as the case may be. The Claims or Interests placed in each such Class are substantially similar to other Claims or Interests, as the case may be, in such Class. The classification scheme of the Plan complies with all relevant provisions of Code §§1122 and 1123(a).

O. The Plan provides adequate and proper means for its implementation, thereby satisfying Code § 1123(a)(5).

P. The Proponents have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Code and are entitled to the protections afforded by Code § 1125(e).

Q. <u>Code § 1190:</u> The Plan complies with Code § 1190 in that the Plan includes (a) a brief history of the business operations of the Debtor; (b) a liquidation analysis; (c) projections with respect to the ability of the Debtor to make payments under the Plan; (d) and provides for the submission of all or such portion of the future earnings or other future income of the Debtor as is necessary for the execution of the Plan.

R. <u>Code § 1191.</u> The Plan satisfies the requirements of Code § 1191(b) in that all of the requirements of Code § 1129(a) have been satisfied, except Code §1129(a)(8)(A), and that confirmation is appropriate under Code §1191(b).

S. <u>Code § 1194(b).</u> The Plan complies with Code § 1194, and the Debtor shall make all payments due under the Plan. The Reorganized Debtor shall act as the disbursing agent for all such payments pursuant to Code § 1194(b).

**ORDER CONFIRMING FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION OF SHEKINAH OILFIELD SERVICES, INC. DATED MAY 10, 2022 (RE: DOCKET NO. 49) — Page 3**
2135602.DOC[1]

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

T. The principal purpose of the Plan is not the avoidance of taxes.

U. The Court may properly retain jurisdiction over the matters set forth in Plan § 13.1.

V. This Bankruptcy Court adopts the findings announced on the record on July 6, 2022 and reserves the right to enter further findings of fact and conclusions of law. As appropriate, all findings of fact are conclusions of law, and vice versa.

**Based upon the foregoing findings of fact and conclusions of law, IT IS THEREFORE ORDERED:**

1. The Plan (a copy of which is attached hereto as **Exhibit SHEK499** is hereby **CONFIRMED** pursuant to Code §1129(a) and/or to the extent applicable Code § 1129(b).

2. The Plan is confirmed under Code §1191(b).

3. The Reorganized Debtor shall act as the disbursing agent for all payments due under the Plan, as permitted by Code §1192(b).

4. Pursuant to Code § 1141, effective as of the Effective Date, but subject to consummation of the Plan, and except as expressly provided in the Plan or in this Confirmation Order, the provisions of the Plan (including the exhibits thereto), and all documents and agreements to be executed pursuant to the Plan, are hereby approved and, together with this Confirmation Order, shall be binding on the Debtor and all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan.

5. On and as of the Effective Date, all property of the Debtor's estate is and shall be vested in the Reorganized Debtor in the manner specified in the Plan except as otherwise specified herein.

6. **Effective upon completion of the payments required under the Plan as provide in Code §1192,** THE CONFIRMATION ORDER IS AND SHALL BE A JUDICIAL DETERMINATION OF DISCHARGE OF ALL LIABILITIES OF THE REORGANIZED DEBTOR, AND ITS SUCCESSORS IN INTEREST AND ASSIGNS, OTHER THAN THOSE OBLIGATIONS SPECIFICALLY SET FORTH PURSUANT TO THE PLAN. Except as otherwise provided in the Plan or herein, from and after the Effective Date, all persons and entities that have held, currently hold, or may hold any Claims against the Debtor, (or other right of any equity security holder that is cancelled under the terms of the Plan) are forbidden from taking any of the following actions against the Debtor, the Reorganized Debtor or any of their respective property on account of any such Claims or Interests or rights related thereto: (a) commencing or continuing in any manner, any suit, action, or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) asserting a setoff, right of subrogation, or recoupment of any kind

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

against any debt, liability, or obligation due to the Debtor; (d) creating, perfecting, or enforcing any lien or encumbrance; and (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Code; provided, however, that the foregoing injunction shall not limit or preclude any person or entity from exercising its rights pursuant to the terms of the Plan or any document executed pursuant thereto. *Pending discharge under Code §1192, the Debtor may seek to close this case and/or seek entry of a final decree, provided, however, the Reorganized Debtor and/or any insder of the Debtor may seek entry of the Code §1192 discharge (and re-opening of this case if necessary).*

7.  Pursuant to Code § 1142, the Debtor, the Reorganized Debtor, and their respective officers, directors, trustees, and administrators, and all other necessary parties, are authorized and empowered, and hereby directed, to execute and deliver all other instruments, agreements, and documents, and to take any and all other actions that may be necessary or desirable to comply with the terms and conditions of the Plan or to consummate or implement the Plan or this Confirmation Order.

8.  With the exception of administrative expense claims that are post-petition ad valorem property taxes, all requests for payment of Administrative Claims, other than Fee Claims as set forth in this paragraph or Administrative Claims to the extent incurred by the Debtor in the ordinary course of business and recorded in the Debtor's books and records, shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within **sixty (60) days** following the Effective Date or by such earlier deadline as may apply to such Administrative Claim pursuant to an earlier order of the Court, if any. All requests for Fee Claims of Professional Persons shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within **sixty (60)days** following the Effective Date. Except as provided herein or in the Plan, any Administrative Claim or Fee Claim for which an application or request for payment is not filed within such time period shall be discharged and forever bared.

9.  Nothing in the Plan or in this Confirmation Order shall be construed to deprive any taxing authorities of any statutory liens which may inure to the benefit of such taxing authorities to secure payment of any pre-petition Priority Tax Claims, Secured Tax Claims, or any post-petition Administrative Claims for taxes.

10. In the case of post-petition Administrative Claims for state and local taxes, the submission of tax bills or invoices presented in the ordinary course to the Debtor shall suffice in lieu of a formal claim for Administrative Payment. With the exception of ad valorem property taxes, in the event that the Debtor contests any such bills or invoices, the Debtor may elect to contest such taxes in this Court prior to the entry of a Final Decree or pursuant to the state or local rules for contesting such taxes.

11. On and as of the Effective Date, all contractual, legal, equitable, equitable subordination, and turnover rights that a holder of a Claim or Interest may have with respect to any distribution to be made pursuant to the Plan, will be discharged and terminated, and all suits,

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

actions, and other proceedings and all other efforts to enforce or attempt to enforce any such contractual, legal, equitable, equitable subordination, and/or turnover rights are hereby permanently enjoined. The provisions of the Plan constitute a good faith compromise and settlement of all Claims or controversies relating to the enforcement of all such contractual, legal, equitable, equitable subordination, and turnover rights. The compromise and settlement of all such Claims and controversies is approved under Bankruptcy Rule 9019 as being fair, equitable, and reasonable and in the best interests of the Debtor, the Reorganized Debtor, and the holders of Claims and Interests.

12. Except as otherwise expressly provided for or reserved in the Plan or herein rights and treatment afforded in the Plan shall discharge all existing security interests, liens, debts, and claims of any kind, nature, or description whatsoever against the Debtor or any of its assets or properties to the fullest extent permitted by Code § 1141; upon the Effective Date, all existing Claims against the Debtor, except post-petition ad valorem property taxes, shall be, and shall be deemed to be, discharged, and all holders of Claims shall be precluded from asserting against the Debtor, or any of its assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of Claim except for the claimant's rights as provided in this Plan. Confirmation of the Plan and the obligations imposed on the Debtor and/or the Reorganized Debtor herein shall be in complete satisfaction, discharge, and release of all Claims of any nature whatsoever against the Debtor and/or the Reorganized Debtor or any of its assets or properties; and, except as otherwise provided herein, upon the Effective Date, the Debtor shall be deemed discharged and released from any and all Claims, including but not limited to demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Code §§ 502(g), 502(h), or 502(i) that arose prior to the Confirmation Date, whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under Code § 501, (b) a Claim based upon such debt is allowed under Code § 502, or (c) the holder of a Claim based upon such debt has accepted the Plan. Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor. As provided in Code § 524, such discharge shall void any judgment against the Debtor at any time obtained, to the extent it relates to a Claim, and operates as an injunction against the prosecution of any action against the Debtor, or its property, to the extent it relates to a Claim discharged. However, any provision of this Order notwithstanding, the discharge granted herein shall not discharge the Reorganized Debtor from its obligations under the Plan or under any document executed pursuant thereto.

13. Pursuant to 28 U.S.C. §§ 1334 and 157, this Bankruptcy Court shall retain exclusive jurisdiction of all matters arising in, arising under, and related to this Chapter 11 case and the Plan, including the matters specified in Plan § 13.1.

14. The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered or returned by the holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) may not be relied upon by the holder of any Claim as representing the actual classification of such Claims under the Plan for distribution purposes.

15. Where appropriate, the findings of fact and conclusions of law contained hereinabove shall also have the force of decretal paragraphs and the foregoing decretal paragraphs shall also have the force of findings of fact, conclusions of law, or both, as appropriate.

16. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety. If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

17. To the extent that the Debtor constitutes a non-moneyed, non-business, or non-commercial corporation within the meaning of Code § 1129(a)(16), any transfers of property contemplated by the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

18. After the Confirmation Hearing, the Debtor or the Reorganized Debtor, as the case may be, may, subject to Court approval and so long as it does not materially or adversely affect the rights set forth in the Plan of creditors and other parties-in-interest, amend or modify the Plan and related documents to remedy any defect or omission or reconcile any inconsistencies in such documents or in this Order, in such manner that may be necessary to carry out the purposes and intent of the Plan.

19. In the event of a conversion of this case to Chapter 7 any time after the confirmation of this Plan, the assets of the Debtor shall re-vest to the bankruptcy estate of the Debtor upon such conversion.

20. Pursuant to Bankruptcy Rule 3020(c), the Debtor shall, within two (2) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all persons and entities required in Rules 2002 and 3020(c)(2) of the Federal Rules of Bankruptcy Procedure.

21. **ADDITIONAL PROVISIONS AT THE REQUEST OF CREDITORS AND/OR TO CURE OBJECTIONS.**

    a. Shackelford County Appraisal District filed an administrative claim, Claim #11-1 on the Court's claims register, on February 11, 2022. Said

**PROPOSED FORM OF CONFIRMATION ORDER FILED July 6, 2022**

claim is in the amount of $5,725.66 (estimated tax amount) for Account Number 74065. The Debtor shall pay the 2022 ad valorem property taxes to Shackelford County Appraisal District on Account Number 74065 in the ordinary course of business prior to the date of delinquency. The ad valorem tax liens for the 2022 tax year, including any penalties and interest, are hereby expressly retained until the payment of the 2022 ad valorem taxes by the Debtor.

### # # # END OF ORDER # # #

**EXHIBIT SHEK499**

Case 21-10152-rlj11 Doc 58-1 Filed 07/06/22 Entered 07/06/22 08:52:16 Page 9 of 9